UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRUCE PADILLA,

    Plaintiff,

-against-

U.S. SECURITY ASSOCIATES INC.,
a Delaware corporation,

    Defendant.

Index No. 12 Civ. 7697 (JPO)(AJP)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 9/12/13

# [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CLASS ACTION NOTICE AND CLASS ACTION PROCEDURE, (Dkt. No. 119)

This matter came before the Court on Plaintiffs' August 8, 2013 Motion for preliminary approval of a class action Settlement. Subsequently, the parties revised their Settlement Agreement. Based upon all the prior proceedings herein and the agreement of the parties, it is

**ORDERED, ADJUDGED AND DECREED:**

    1.    Based upon the Court's review of the Memorandum of Law in Support of Plaintiffs' Motion and the Affirmations of Stephen H. Kahn dated August 8, and September 10 2013 ("Kahn Affs.") and the exhibits attached thereto, the Court grants preliminary approval of the settlement memorialized in the Revised Joint Stipulation of Settlement and Release (Dkt. No. 127) ("Revised Settlement Agreement"), attached to Kahn Aff. dated September 10 as Exhibit A.

    2.    The Court concludes that the proposed Revised Settlement Agreement is within the range of possible settlement approval, such that notice to the Class is appropriate. *McReynolds v. Richards-Cantave,* 588 F.3d 790, 803-04 (2d Cir. 2009); *In re Traffic Exec. Ass'n,* 627 F.2d 631, 634 (2d Cir. 1980).

    3.    The Court finds that the Revised Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution and defense of

wage and hour class and collective actions. The active involvement of the Magistrate Judge reinforces the conclusion that the Revised Settlement Agreement is non-collusive.

4. The Court approves (as modified by the Court) the Notice of Settlement of Class Action Lawsuit and Fairness Hearing ("Notice") which is attached to this Order and directs its distribution to the Class. The Notice satisfies the Fed R. Civ. Pr. 23(c)(2)(B) requirements by describing the terms of the settlement, informing the class about the allocation of attorneys' fees and providing specific information regarding the date, time, and place of the final approval hearing. *Torres v. Gristede's Operating Corp.*, 04-CV-3316 (PAC), 2010 WL 2572937 (S.D.N.Y. June 1, 2010); *In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally").

5. The Court hereby sets the following settlement procedure:

The Revised Settlement Agreement proposes the following schedule for final resolution of this matter: 1) The Settlement Administrator will mail the Court-approved Notice of Proposed Settlement to all Class Members within fifteen (15) days of the Order granting preliminary approval of the Settlement; 2) Class Members who wish to object to the proposed settlement at the Fairness Hearing must first do so in writing mailed to the Clerk of the Court postmarked by a date specified on the Notice of Proposed Settlement which date shall be 30 days after the Class Counsel mails such Notice to such Class Member; 3) Class Member objectors may appear at the Fairness Hearing in person or through legal counsel. An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time submits the written objections. The Parties may file written responses to objections prior to the Fairness Hearing; and 4) Not later than 5 calendar days before the Fairness Hearing, Plaintiff may submit an additional Motion for Order Granting Final Approval including any application it elects to make for a class representative service fee, attorneys' fees and costs. The Fairness Hearing shall be

held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 20D, New York, NY 10007, on ˍ12/9/13 at 9:30 AMˍ, 2013. If the Court grants Plaintiffs' Motion for Final Approval, the Court will enter Judgment in accordance with the Revised Settlement Agreement and dismiss the case with prejudice.

AP

6. If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. The "Effective Date" shall be the date the Court enters such Order and Judgment.

7. The Claims Administrator will disburse settlement checks to the Class Members upon an Order granting Final Approval of the Settlement, as set forth in the Revised Settlement Agreement.

11. All other terms of the Revised Settlement Agreement are incorporated in this Order. The parties shall abide by those terms.

**SO ORDERED:** 9/12/13

_____
HON. ANDREW J. PECK, U.S.M.J.
HON. ANDREW J. PECK
United States Magistrate Judge
Southern District of New York

copies to: All Counsel

**BY ECF**

3

# Attachment: Notice of Proposed Settlement

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
BRUCE PADILLA,

        Plaintiff,                                         12 Civ. 7697 (JPO)(AJP)

-against-

                                                         **NOTICE OF PROPOSED**
                                                         **SETTLEMENT**

U.S. SECURITY ASSOCIATES, INC.,
        Defendant.
----------------------------------------------------------------x

        If you are or were employed at by U.S. Security Associates as a Security Officer at the Sony Building located at 550 Madison Avenue, New York, New York, from October 15, 2006 to the present, please read this notice.

        A pending class action lawsuit may affect your legal rights.

        You do not have to be currently employed by U.S. Security Associates, Inc. to be affected.

        • Bruce Padilla, a former employee, sued U.S. Security Associates, Inc. ("USSA") claiming that USSA required its Security Officers to report for work fifteen (15) minutes before the start of each work shift but failed to pay wages for this fifteen minute period of work time (the "Off-the-Clock Claim"). USSA denies that the claims in this lawsuit have merit.

        • The Court has allowed this lawsuit to proceed as a collective action under the federal Fair Labor Standards Act ("FLSA"). The collective members consist of Security Officers who were employed by USSA at the Sony Building at any time from October 15, 2009 to the present. You are a participant in the collective action, if you filed a completed Consent Form with the Clerk of the Court by May 10, 2013. Participation in the federal FLSA collective action is separate from participation in the New York State Labor Law class action described below.

        • The Court has also allowed the lawsuit to proceed as a certified class action under the New York State Labor Law. The class consists of Security Officers who were employed by USSA at the Sony Building, who were employed by USSA at any time from October 15, 2006 to the present except for those USSA who filed a valid class exclusion notice with the Court at an earlier stage in the case.

        • The parties have agreed to settle this lawsuit as follows: USSA will pay $525,000 to settle the lawsuit with respect to the class and those members of the FLSA collective. This settlement payment will be proportionately allocated to each Class Member less deductions for settlement administration costs, any payroll taxes and deductions, and any Court approved attorneys fees, costs and service fee. This settlement was entered into voluntarily between the parties and their attorneys after settlement negotiations conducted with the assistance of the Court.

- The final amount of the settlement payment that is allocated to each individual will depend upon several factors, described in paragraph 7 below.

- The net settlement payment to each class member will reasonably reflect each individual Class Member's proportional share of all recognized claims based upon the number of shifts the Class Member worked and his or her rate of pay. This schedule shall separately allocate to each Class Member an amount to be paid on account of prejudgment interest computed in accordance with the prior Order of the Court. The net settlement payment represents full payment for all uncompensated overtime plus prejudgment interest.

- Payment to each individual Class Member for unpaid wages will be by one check less standard payroll deductions and other deductions as required by the IRS. Interest payments will be by separate check without deduction.

- Your legal rights may be affected, and you have a choice to make now:

| | YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT |
|---|---|

| | | |
|---|---|---|
| N | FILE A CLAIM FOR PAYMENT | If you wish to receive a settlement payment pursuant to the terms of the Settlement Agreement, then you must complete the enclosed Claim Form and mail it to U.S. Security Associates Claims Administrator, Simpluris, Inc., P.O. Box 679560, Orlando, FL 32867 postmarked no later than [Date]. If you file a claim for payment you will remain part of the case (unless you have already filed a timely request to be excluded from this case) and receive the payment amount as provided by the settlement. You will give up any rights to separately sue USSA about the same legal claims in this lawsuit. ⌞state law |
| N | DO NOTHING | If you do nothing, you will remain part of the case but you will not receive any payment. You do not have any right to separately sue USSA about the same legal claims in this lawsuit. You must file a Claim Form as described above in order to remain in the suit <u>and</u> be paid. ⌞state law |
| | OBJECT | Write to the Court about why you do not like the settlement. |
| | GO TO A HEARING | Ask to speak in Court about the fairness of the settlement. |

- The Court in charge of this case still has to decide whether to approve the settlement.

-2-

- Payments will be made if the Court approves the settlement. Please be patient.

## BASIC INFORMATION

### 1. Why did I get this notice?

You are getting this notice because USSA's records show that you have worked for the Company as a Security Officer at the Sony Building at some time between October 15, 2006 and the present.

You have a legal right to know about a proposed settlement reached in this lawsuit and your options before the Court decides whether to approve the settlement. If the Court approves the settlement, and after any objections are resolved, payments will be mailed to class members who submit a timely claim (*see*, Paragraph 9).

This lawsuit is about whether USSA violated the federal FLSA and New York State Labor Laws by failing to properly pay Security Officers for time worked prior to the start of each shift.

### 2. Why is this a class and collective action?

In a class and collective action, one or more individuals called Class Representatives sue on behalf of others who have the same or similar claims. Here, the Plaintiff named in the lawsuit is the Class Representative. Individuals with the same or similar claims are called Class Members. One court resolves the issues for all Class Members except those who excluded themselves from the Class. The Honorable J. Paul Oetken, U.S. District Judge for the U.S. District Court for the Southern District of New York, and U.S. Magistrate Judge Andrew J. Peck is are overseeing this class action. The case's official name is *Padilla v. U.S. Security Associates, Inc.*, 12 Civ. 7697 (JPO)(AJP).

### 3. Why is there a settlement?

To avoid the costs of litigation, both sides agreed to the settle the case. That way they avoid the cost of a trial, and the people affected will get compensation. The Class Representative and the attorneys think the settlement is best for all Class Members. The Class Representative will not receive any additional money from the settlement other than payment for his Off-the-Clock Claim claims unless the Court approves any such payment.

## WHO IS IN THE SETTLEMENT

### 4. How do I know if I am part of the settlement?

Unless you submitted a valid exclusion form at an earlier stage in the case, you are automatically covered by this settlement because USSA's records reflect that you worked for the Company as a Security Officer at the Sony Building at some time between October 15, 2006 and the present.

-3-

| 5. I'm still not sure if I am included. |
|---|

If you are still not sure whether you are included, you can contact Class Counsel:

Stephen H. Kahn, Kahn Opton, LLP, One Parker Plaza, Fort Lee, New Jersey 07024, Telephone: (201) 947-9200, Fax: (201) 402-6878, Email: skahn@kahnopton.com

## THE SETTLEMENT BENEFITS - WHAT YOU GET

| 6. What does the settlement provide? |
|---|

Defendant has agreed to create a total settlement fund of $525,000. The fund shall be used to make settlement payments to Class Members who submit timely claims; any Court-approved service fee, Class Counsel's attorneys' fees and costs; and the costs of administering the settlement.

The allocation of the net settlement payment will reasonably reflect each individual Class Member's proportional share of the total settlement. The net settlement payment to each individual class member represents full payment for all unpaid wages owed, as determined by his time records. It also includes an amount to be paid to each Class Member that accounts for prejudgment interest computed in accordance with the prior Order of the Court.

The amounts for individual class members vary based upon: how long they worked for USSA within the 6-year period, when they worked during the 6-year period and their hourly rate(s) of pay. Some class members worked during the entire 6-year period while others only worked for a few months. Hence, there is a wide variation in the amounts to be paid to each class member.

The settlement further provides that, in exchange for receiving a settlement payment, Class Members agree to dismiss the lawsuit and release all ~~federal,~~ state, and local wage and hour claims against USSA up through the date of the settlement.

| 7. How much will my payment be? |
|---|

Each Class Member will receive a different amount computed in accordance with the allocation described in answer to question 6 above. Payments for unpaid Off-the-Clock wages will be subject to the tax withholdings required by law (i.e., the same withholdings made for regular paychecks). These withholdings will be calculated by the Settlement Administrator.

## HOW YOU GET A PAYMENT

| 8. How can I get my settlement payment? |
|---|

You must complete the enclosed Claim Form and mail it to: U.S. Security Settlement Administrator, c/o Simpluris Inc., P.O. Box 679560, Orlando, Florida 32867, postmarked no later than [Date]. If you do not file a Claim Form, you will not get a settlement payment. You can call the Settlement Administrator at (888) 369-3780 if you have questions about submitting the Claim Form.

*[handwritten margin note: Courtroom 20D]*

### 9. When will I get my payment?

*[handwritten checkmarks in margin: AP ✓]*

The Court will hold a fairness hearing on _____, 2013 at _____ A.M. at the United States District Court for the Southern District of New York, 500 Pearl Street, to decide whether to approve the settlement. If the Court approves the settlement, then your payment will be mailed to you by the U.S. Security Associates Settlement Administrator within 14 business days after the 60 day time period to submit your Claim Form has expired, provided that you submitted your Claim Form post marked by [Date].

### 10. What if I don't submit a claim?

*[handwritten checkmark in margin: NP ✓]*

This settlement is final as to all class members who have not opted out of this litigation. This means that class members who have not opted out of this litigation cannot sue, continue to sue, or be a party in any other lawsuit against USSA for any ~~federal~~ state, or local wage and hour violation from October 15, 2006 up through October 15, 2012. It also means that all of the Court's orders will apply to you and legally bind you. If you do not submit a claim within 60 days of this notice, you may be giving up your right to receive any settlement payment in the future. Class Members who have previously opted-out of this lawsuit are not releasing their ~~federal or~~ New York state wage and hour claims, if any.

*[handwritten checkmark in margin: N ✓]*

## THE LAWYERS REPRESENTING YOU

### 11. Do I have a lawyer in this case?

The Court decided that the law firm of Kahn Opton LLP is qualified to represent you and all of the other Class Members. These lawyers have been designated as "Class Counsel" in this lawsuit. More information about Kahn Opton LLP, their practice, and their lawyers' experience is available at www.kahnopton.com.

### 12. How will the lawyers be paid?

Class Counsel has advised the Court that before the settlement is approved it will ask that the Court approve payment of one-third of the $525,000 settlement fund for attorneys' fees plus an additional $3,153.05 for his law firm's out-of-pocket expenses in bringing this case. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. The Court has not made any determination of this issue at this time.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

### 13. How do I tell the Court that I don't like the settlement?

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter via First Class U.S. mail stating that you object to the settlement in *Padilla v. U.S. Security Associates, Inc.*, 12 Civ. 7697 and stating the reasons why you object.

Be sure to include your name, address, telephone number, and signature. Any objections must be received by _____, 2013 and mailed to:

Clerk of Court<br>
United States District Court<br>
The Southern District of New York<br>
500 Pearl Street<br>
New York, NY 10007-1312

| 14. What's the difference between objecting to the settlement and excluding myself from it? |

Objecting is simply telling the Court that you don't like something about the settlement.

## THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

| 15. When and where will the Court decide whether to approve the settlement? |

The Court will hold a fairness hearing at _____, 2013 \_\_\_\_\_ a.m. at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, before Judge Peck in Courtroom 20D.

At the fairness hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are any objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do not know how long it will take for the Court's decision to take.

| 17. Do I have to come to the fairness hearing? |

No, even if you filed an objection. Class Counsel will represent you at the hearing. Of course, you are welcome to attend (at your own expense). The Court will consider any objections received in a timely manner, even if the individual who sent in the objection does not appear at the fairness hearing. You may also pay your own lawyer to attend the fairness hearing, but that is not necessary.

| 18. May I speak at the hearing? |

You may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter stating, "Notice of Intention to Appear in *Padilla v. U.S. Security Associates, Inc.*, 12 Civ. 7697." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than [DATE], and mailed to:

Clerk of Court<br>
United States District Court<br>
The Southern District of New York

500 Pearl Street
New York, NY 10007-1312

You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

| 19. What if I have more questions about the settlement? |
|---|

You can obtain more information about the settlement by contacting Class Counsel at the address and/or telephone numbers below:

Stephen H. Kahn
Kahn Opton, LLP
One Parker Plaza
Fort Lee, New Jersey 07024
Telephone: (201) 947-9200
Fax: (201) 402-6878
Email: skahn@kahnopton.com

DATED: September   , 2013

BRUCE PADILLA v. U.S. SECURITY ASSOCIATES, INC.
U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK. 12-cv-7697 (JPO) (AJP)

## CLASS ACTION SETTLEMENT CLAIM FORM

## YOU ARE ENTITLED TO A SETTLEMENT PAYMENT IN THE WAGE AND HOUR LAWSUIT AGAINST U.S. SECURITY ASSOCIATES, INC.

**TO MAKE A CLAIM, YOU MUST MAIL THIS CLAIM FORM TO THE CLAIMS ADMINISTRATOR POSTMARKED BEFORE [DATE].**

**FAILURE TO SUBMIT A COMPLETED AND TIMELY CLAIM FORM WILL RESULT IN A DENIAL OF YOUR CLAIM.**

YOU HAVE THE LEGAL RIGHT TO FILE THIS CLAIM. YOU MAY NOT BE SUBJECTED TO ANY RETALIATION AT YOUR WORKPLACE BECAUSE YOU HAVE MADE THIS CLAIM

SEND IN THE ENCLOSED STAMPED, SELF-ADDRESSED ENVELOPE TO:
U.S. SECURITY CLAIMS ADMINISTRATOR
c/o [Simpluris, Inc.
P.O. Box 679560
Orlando, FL  32867
USA]

**You can contact the Settlement Administrator by phone at (888) 369-3780.**

U.S. Security has the following information on file regarding you and your employment:

Full Name:
Address:
Social Security Number:
Dates of Employment:

If any of the above information is incorrect, please cross out the incorrect information and replace it with the correct information on this form.

### CERTIFICATION AND SIGNATURE OF CLAIMANT

The undersigned hereby certifies that all of the information set forth above regarding Claimant's name, address, social security number and dates of employment is true and correct. By submitting this claim, I agreed to be bound by the settlement of the parties in this case.

Date: _____                    _____
(Must be filled in by Claimant)                   Signature of Claimant

                                                  _____
                                                  (Print Name Clearly)

- 1 -